## Commonwealth v. Miller.

(Decided Nov. 22, 1932.)

84

. BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellant.

CLARENCE MILLER for appellee.

LEO SANDMAN amicus curiæ.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

Section 4224 of the Kentucky Statutes prescribes the license fees which must be paid by any person desiring to engage in any of the occupations or to sell any of the articles set out in that very lengthy section. One of the paragraphs of that section provides that there shall be paid a state license fee of $5 in each county "on each cane rack, knife rack, artful dodger, ring board or similar contrivance, by whatever name called, kept or operated for profit." In the instant case, the appellee kept and operated for profit a device known as a "bally round" without obtaining any license or paying any fee. He was proceeded against for the alleged misdemeanor involved in violating this statute and on the trial in the circuit court was found not guilty. The commonwealth has appealed.

The question presented is whether a bally round is a contrivance similar to a cane rack, knife rack, ring board, or artful dodger. On the trial the learned trial judge aided by the learned county attorney thus accurately described the devices specifically named in the statute:

> "A cane rack is a board with holes in it and with canes stuck through the holes protruding above the board. The customer is provided with rings which he throws at the cane and if he rings a cane, he gets it.

"A knife rack is the same sort of thing except knives are used instead of canes.

"An artful dodger is where balls are thrown, usually at colored persons who have little enough minds to stick their heads through a hole in the curtain. The point is to strike the colored person, which is very rarely done. You pay so much for a certain number of balls. I don't know whether you get anything if you hit the colored man or not, for I have never seen him hit."

"A ring board is a bunch of nails or pegs on a board. You buy small steel rings and you attempt to pitch at those nails on the board and if you ring a certain nail, you are paid in money or other thing of value which corresponds to the ring over which you go."

The bally round, which is known in other localities by different names, one of which is "whiffle board," is a board with holes or sockets scattered over it; the holes or sockets being of different values. By inserting a coin in a slot a number of marbles or balls appear, usually at the lower right-hand corner of the board. There is a lever or plunger against which the balls or marbles successively rest. By pulling back the plunger or lever and then releasing it, the player hits the ball or marble, which is thus propelled to the top of the board where, by force of gravity, it runs back down the board towards the bottom. Its progress is impeded and its direction variously changed by various pins or nails scattered around over the board. If the ball rolls into a hole or socket, there is placed to the credit of the player whatever value attaches to that particular hole or socket; but if the ball reaches the bottom of the board without having rolled into any hole or socket, the player gets no credit. As stated, the question for decision is whether such device is a contrivance similar to a cane rack, knife rack, ring rack, or an artful dodger.

Much learned argument is indulged in by the various counsel, the due process clause of the Fourteenth Amendment and section 51 of our own Constitution being invoked by the amicus curiæ in the endeavor to defeat this license tax, whilst the learned Assistant Attorney General cites from Sutherland's Statutory Construction in the effort to apply the license tax to this

device. As we regard the question, though, it is a plain one of fact. In the operation of the devices specifically set out in the statute, there is an element of the skill of the player in tossing rings or throwing balls which is involved. There is none such in the bally round. About all the skill the player can manifest on this device is the exercise of judgment as to how hard the ball or marble is to be hit. There is no ringing of pins or knives or canes or other objects by the throwing on the part of the player of encircling devices. There is no hitting of moving or stationary objects on the part of the player by missiles. It is just the hitting of a marble or ball by a lever with the forces of gravity and the baffling of the descent of the ball or marble by pins or obstructions determining the outcome. It is not the element of game or sport which resolves the question of similarity, for there are many other games and sports set out in this section 4224 of the Statutes which bear a nearer resemblance to a bally round than a ring rack or artful dodger, and yet there is not joined in the section to the specific mention of these other devices the inclusive provision ''or similar contrivance'' found in the paragraph relating to cane racks and artful dodgers. It is thus clear that the Legislature meant to confine by the expression ''or similar contrivance'' the devices on which a license tax must be paid to those similar in operation and elements to those of cane, knife and ring racks, and artful dodgers. Such is not the case of a bally round or whiffle board.

This being the case, we are of the opinion that the judgment of the lower court is correct, and it is affirmed.

Whole court sitting.